```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

GEORGE ISAAC HERNANDEZ, JR.,    )
                                )
        Plaintiff               )
                                )           No. 3:12-0606
v.                              )           Judge Sharp/Brown
                                )           **Jury Demand**
SGT. MELANIE BIDDIX, *et al.*,  )
                                )
        Defendants              )

**TO:    THE HONORABLE KEVIN H. SHARP**

### REPORT AND RECOMMENDATION

The Plaintiff has filed an emergency motion for a temporary restraining order and an emergency injunction (Docket Entry 6). For the reasons stated below, the Magistrate Judge recommends that this motion be DENIED.

The Plaintiff filed a complaint against Sgt. Melanie Biddix and three Jane and John Does, all in their individual capacities (Docket Entry 1). The Court subsequently granted the Plaintiff's request to proceed in *forma pauperis* and allowed the case to proceed as to Sgt. Biddix (Docket Entry 14).

The complaint as to the John and Jane Doe defendants were dismissed. The complaint against her alleges that while the Plaintiff was an inmate at the Charles Bass Correctional Complex in Nashville that Sgt. Biddix denied him due process during a disciplinary hearing and took away his good time credit for six months (Docket Entry 14).

The Plaintiff's emergency request (Docket Entry 6) alleges that he is being harassed by prison officials in Henning, Tennessee. He alleges that they are messing with his legal documents, and intimidating and threatening him. He also alleges that he was assaulted on July 1, 2012, by two officers at the West Tennessee Prison and that he was placed in a cell where the officers knew he would be assaulted. He alleges that they told him if he did not stop his lawsuit they would put him in a cell with an inmate who was likely to injure him. He alleges that he was subsequently assaulted by this inmate. He alleges that the officers then assaulted him themselves.

He also alleges that the officials will not give him the six month certified printout of his trust account. He alleges that they are doing this to bar his access to the court.

## LEGAL DISCUSSION

Issues dealing with the six-month certification of the inmate trust account is moot as the Court has now granted the Plaintiff IFP status and has directed that his original complaint proceed as to Sgt. Biddix.

The remaining portions of the complaint concerning his treatment at the West Tennessee Prison are within the jurisdiction of the District Court for the Western District of Tennessee, where the prison is located.

2

The prison litigation reform act (PLRA) requires that the Plaintiff exhaust his administrative remedies before filing lawsuits against the Warden and officers at that institution.

There is no indication that the Plaintiff has filed appropriate grievances at the West Tennessee Prison at Henning.

There is no indication the sole Defendant in this case has any authority to control the events at the West Tennessee Prison. The present lawsuit involves loss of good time.

Accordingly, the Magistrate Judge believes that this Court is without jurisdiction to entertain the portion of the motion dealing with his alleged mistreatment at the prison in Henning, and that the motion (Docket Entry 6) should be **DENIED.** The Plaintiff has been granted IFP status and the issue of his inmate trust fund is now **MOOT**.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends that the motion for a temporary restraining order and emergency injunction (Docket Entry 6) be **DENIED.**

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt

3

this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTER** this 2nd day of August, 2012.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge