```
                UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

GEORGE ISAAC HERNANDEZ, JR.,    )
                                )
        Plaintiff               )
                                )       No. 3:12-0606
v.                              )       Judge Sharp/Brown
                                )       **Jury Demand**
SGT. MELANIE BIDDIX, *et al.*,  )
                                )
        Defendants              )

## **O R D E R**

The Plaintiff has filed a motion to appoint counsel (Docket Entry 37). This motion is **DENIED**. The Plaintiff at the present time seems to have no difficulty in filing a number of documents with the court.

The appointment of an attorney in civil cases is limited to exceptional cases. This case does not appear to meet those standards.

The Supreme Court has held that "an indigent's right to appointed counsel . . . exists only where the litigant may lose his physical liberty if he loses the litigation." *Lassiter v. Department of Social Services,* 452 U.S. 18, 25 (1981). Therefore, unlike criminal proceedings, there is no constitutional right to appointed counsel in a civil action. *Willett v. Wells*, 469 F.Supp. 748, 751 (E.D. Tenn. 1977).

The appointment of counsel for a civil litigant is a matter within the discretion of the District Court and will only

occur under exceptional circumstances. *Lavado v. Kechane*, 992 F.2d 601 (6th Cir. 1993). In this instance, no such circumstances exist.

Plaintiff has also filed a motion to ask the Court to request the Defendants' attorney to contact the Plaintiff to settle the case (Docket Entry 40). This motion is **DENIED** without prejudice.

Service of process was only sent to the United States Marshal on August 13, 2012 (Docket Entry 27). The United States Marshal has a large number of duties to perform with a limited staff. The Marshal uses certified mail to serve process and the Marshal has not yet returned an indication that service of process on Sergeant Biddix has been accomplished. Once service is made, Sergeant Biddix has 21 days in which to respond. Once she has either responded *pro se* or secured the services of an attorney, the Plaintiff is free to contact that attorney. In fact, once Sergeant Biddix is served, the Plaintiff must furnish a copy of anything he sends to the court to Sergeant Biddix or, if she has an attorney, to her attorney.

The Magistrate Judge notes in passing that the Plaintiff has sent the Court a letter, which has been filed as Docket Entry 42, and states that he was not given a letter from the Court because he had not made his bed. Quite frankly, the Magistrate Judge has more important things to do than determine whether the prison can require an inmate to make his bed. Certainly, within a

prison setting an inmate can be required to keep his bed in proper order. However, refusing to give an inmate legal mail as an enforcement policy is not, in the Magistrate Judge's view, appropriate. If the letter is returned, the Magistrate Judge will take further action.

It is so **ORDERED**.


/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge