**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **GEORGE ISAAC HERNANDEZ, JR.,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | **No. 3:12-0606** |
| **v.** | ) | **Judge Sharp** |
| | ) | |
| **SGT. MELANIE BIDDIX, et al.,** | ) | |
| | ) | |
| **Defendants** | ) | |

## ORDER

The Magistrate Judge has entered a Report and Recommendation ("R & R") (Docket No. 16), recommending that Plaintiff's "Emergency Motion for a Temporary Restraining Order and an Emergency Injunction" (Docket No. 6) be denied. Despite being granted an extension of time within which to file objections, and notwithstanding the fact that Plaintiff has made a number of filings since the entry of the R & R, it does not appear that Plaintiff has filed any objections.

In any event, this Court has considered Plaintiff's request for emergency relief, and agrees with the Magistrate Judge that because Plaintiff is an inmate at the West Tennessee State Penitentiary in Henning, Tennessee, his complaints about the treatment he has received while house at that facility are within the jurisdiction of the United States District Court for the Western District of Tennessee. The Court also agrees that the issue about a print-out of the six-month certification of Plaintiff's trust account is now moot because the Court has granted Plaintiff *in forma pauperis* status. Accordingly, the R & R (Docket No. 16) is hereby ACCEPTED and APPROVED, and Plaintiff's "Emergency Motion for a Temporary Restraining Order and an Emergency Injunction" (Docket No. 6) is hereby DENIED.

On another matter, Plaintiff has filed a Request for a Ruling on Plaintiff's Objection (Docket No. 55) by which he requests that the Court rule on "Plaintiff's Objection to the Court's Ordered [sic] Dated 7/25/12" (Docket No. 22). In the July 25, 2012 Order, the Court granted Plaintiff's request to proceed *in forma pauperis* because his Complaint stated a colorable claim that Sergeant Biddix denied him due process during a disciplinary hearing while Plaintiff was housed at the Charles Bass Correctional Complex. In that Order, the Court also dismissed the claims against the two John Doe and Jane Doe defendants.

Plaintiff now objects to dismissal of the John and Jane Doe Defendants because discovery may reveal the identity of those individuals. However, as this Court explained in its prior Order, the John and Jane Doe Defendants are not mentioned in the recitation of the facts, and no explanation is provided as to how those individuals allegedly deprived Plaintiff of a constitutional right. Indeed, even when liberally construed, the gravamen of Plaintiff's Complaint is that Sergeant Biddix deprived him of due process in failing to allow Plaintiff to call witnesses and prepare for the disciplinary hearing held on June 30, 2011, and the relief he seeks is against that Defendant. Accordingly, Plaintiff's Request for a Ruling (Docket No. 55) is hereby GRANTED, "Plaintiff's Objection to the Court's Ordered [sic] Dated 7/25/12" (Docket No. 22) is hereby OVERRULED, and the dismissal of the John and Jane Doe Defendants is hereby CONFIRMED.

It is SO ORDERED.

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE