UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GEORGE ISAAC HERNANDEZ, JR., | ) |
| Plaintiff | ) |
| | ) No. 3:12-0606 |
| v. | ) Judge Sharp/Brown |
| | ) **Jury Demand** |
| SGT. MELANIE BIDDIX, | ) |
| Defendant | ) |

**O R D E R**

Presently pending are three motions in this case. The first (Docket Entry 95) is a motion to order the Lois M. DeBerry Special Needs Facility to give the Plaintiff his legal books and papers or obtain them from the Morgan County Facility. The second (Docket Entry 96) is an amended motion to order the prison to allow the Plaintiff more access to the telephone so that he can talk with his wife who is assisting him with his case. Finally, Docket Entry 94 is an emergency motion for a temporary restraining order and an emergency injunction to prevent the DeBerry Special Needs Facility from intentionally denying the Plaintiff meaningful access to legal materials to do legal research, and to allow him the additional telephone calls discussed in the Magistrate Judge's previous order (Docket Entry 91). There have been no responses to any of these motions by the Defendant, who is represented by the Attorney General's Office.

The Magistrate Judge thought that this matter had been resolved as a result of a lengthy telephone conference on November

7, 2012, in which an officer at the DeBerry Special Needs Center had participated, and had agreed to allow the Plaintiff additional telephone calls.

If, in fact, what was agreed to during that telephone conference was not carried out, the Magistrate Judge is extremely disappointed both with the action and by the failure of the Attorney General's Office to at least respond.

That having been said, the Plaintiff has provided a notice of change of address (Docket Entry 97), showing that he has now been returned to the Morgan County Correctional Complex. Accordingly, since all of these motions deal with activities which occurred at the DeBerry Special Needs Facility and which requested relief involved with that facility, they are all terminated as **MOOT**. To the extent that Docket Entry 94 requests a temporary restraining order and an emergency injunction should the Plaintiff wish to appeal this motion being terminated as moot, the Magistrate Judge would make this order a report and recommendation as to that part, which should be considered *de nova* by the District Judge.

It is not, as a general rule, advisable for the Court to become involved in the general operation of the State's penal facilities. However, given the nature of this case, the Attorney General is directed to forward a copy of Docket Entry 91 and this order to the **Warden** at the Morgan County Correctional Complex in Wartburg, Tennessee.

It is so **ORDERED**.

_/s/ Joe B. Brown_
JOE B. BROWN
United States Magistrate Judge