## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | |
|---|---|
| **GEORGE ISAAC HERNANDEZ, JR.,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 3:12-CV-0606 |
| ) | Judge Sharp/Brown |
| **SGT. MELANIE BIDDIX,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

The plaintiff has attempted to amend his complaint, adding the following four new defendants to this action: 1) Teresa Nolan, Mark Saunders, Samone Frazier, and William Marks. (Docket Entry 111) The plaintiff claims that Nolan, Saunders, Frazier, and Marks violated his due process and equal protection rights in connection with a disciplinary hearing held on June 30, 2011. (Docket Entry 111, pp. 3-10)[1]

The law is well established that "[t]he court should freely give leave [to amend] when justice so requires," Rule 15(a)(2,), Fed. R. Civ. P., if the plaintiff does not take advantage of opportunities to amend the complaint as of right, *Ohio Police & Fire Pension Fund v. Standard & Poor's Financial Services, LLC*, 700 F.3d, (6th Cir. 2012)(citing *Morse v. McWhorter*, 290 F.3d 795, 799 (6th Cir.2002), unless the amendment is brought in bad faith, for dilatory purposes, results in delay or prejudice to the opposing party, or would be futile, *Colvin v. Caruso*, 605 F.3d 282, 294 (6th Cir. 2010)(citing *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir. 1995)). "A proposed motion is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Riverview Health Inst., LLC v. Med. Mut. Of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)(quoting *Rose v. Hartford Underwriters, Ins., Co.*, 203 F.3d 417, 420 (6th Cir. 2000)).

Federal courts apply the state personal injury statute of limitations in actions brought under

---

[1] The page numbers cited refer to the page numbers assigned by CMECF.

42 U.S.C. § 1983. *See Wilson v. Garcia*, 471 U.S. 261, 280 (1985). The statute of limitations for personal injury arising in Tennessee and brought under federal civil rights statutes is one year. Tenn. Code Ann. § 28-3-104(a)(3); *see Roberson v. Tennessee*, 399 F.3d 792, 794 (6th Cir. 2005); *Dellis v. Corrs. Corp. Of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). The alleged event that gave rise to this action occurred on or about June 30, 2011. (Docket Entry No. 1, p. 3) Under Tennessee law, the statute of limitations ran in this action on or about June 29, 2012. Even allowing for the time the Plaintiff would have used to exhaust his administrative claim in this matter permitting the plaintiff to add new defendants at this late date would mean bringing them into this action more well after the statute of limitations had run.

The question is whether the doctrine of "relation back" would permit the plaintiff to name new defendants beyond the statute of limitations. In interpreting Rule 15(c), Fed. R. Civ. P. ("Relation Back of Amendments"), the Supreme Court has held that there are four requirements for an amendment to "relate back" to the original complaint: 1) the basic claim must have arisen out of the conduct set forth in the original pleading; 2) the party to be brought in must have received such notice that it would not be prejudiced in maintaining its defense; 3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and 4) the second and third requirements must have been fulfilled within the prescribed limitations period. *Schiavone v. Fortune*, 477 U.S. 21 (1986).

The Sixth Circuit was confronted with a situation very similar to the one here in *Doe v. Sullivan County, Tenn.*, 956 F.2d 545 (6th Cir. 1992). In that case, the plaintiff named as defendants "other Deputy Sheriffs to be named later," analogous to this case wherein the plaintiff identifies the following putative defendants in much vaguer terms: "John Doe," John Doe (2)," and "Jane Doe." Citing *Schiavone*, *surpa*, as authority, the Sixth Circuit wrote:

> Although as jailers the three defendants reasonably

> could be expected to have known of the instant suit, this alone is insufficient to impute to them knowledge of their future status as defendants. Many jailers and employees who were not named as defendants were aware of and even deposed in this case. It cannot seriously be maintained, however, that knowledge of their interest in the matter should be imputed to all of them. Plaintiff offers no grounds for why jailers Waterson, Peters, and Baker should have been **uniquely aware that they were parties in interest**. We therefore affirm the district court's denial of plaintiff's motion to add the three additional defendants.

*Doe v. Sullivan County*, 956 F.2d at 552 (emphasis added). Relying on the reasoning above, the Sixth Circuit affirmed the district court's denial of plaintiff's motion to amend. *Id*.

It cannot be said that the "John Doe" and "Jane Doe" defendants to this action were "uniquely aware that they were persons in interest." In fact, the plaintiff's vague reference to them merely as employees of the Tennessee Department of Correction (TDOC) at the Charles Bass Correctional Complex (CBCX) (Docket Entry 1, p. 2) could literally apply to any of the TDOC employees at CBCX, from Warden to janitor and everyone in between. The plaintiff also seeks to name the new defendants <u>outside</u> the prescribed limitations period.

The plaintiff's motion to amend fails to satisfy three parts of the four-part test under *Schiavone*. Because the doctrine of "relation back" does not permit the plaintiff to bring the "John" and "Jane Doe" defendants into this action, his motion to amend his complaint (Docket Entry 111) is **DENIED** as futile and the clerk will strike the amended complaint.

It is so **ORDERED**.

**ENTERED** this the 14th day of January, 2013.

/s/ Joe B. Brown
Joe B. Brown
Magistrate Judge